UNITED STATES DISTRICT COURT

EASTERN  DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SALLY JANKE AND CHRIS JANKE | * | CIVIL ACTION NO. |
| | * | |
| versus | * | SECTION |
| | * | |
| BABCOCK COMPANY, INC., | * | |
| HARRY'S HARDWARE, INC. AND | * | |
| ABC INSURANCE COMPANY, AND | * | |
| XYZ INSURANCE COMPANY | * | MAGISTRATE |
| * * * * * * * * * * * * * * * * * * * * * * * * * * * | | |

### NOTICE OF REMOVAL

**NOW INTO COURT,** through undersigned counsel, comes defendant, Bauer Corporation (Bauer), improperly named as Babcock Company, Inc.  to file this Notice of Removal on the following grounds:

1.

On or about May 13, 2011, a petition was filed on behalf of plaintiffs, Sally Janke and Chris Janke in the Civil District Court for the Parish of  Orleans, State of Louisiana, styled *Sally Janke and Chris Janke v.  Babcock Company, Inc., Harry's Hardware, Inc., and ABC Insurance Company and XYZ Insurance Company*, number 11-5088, naming as defendants Babcock Company, Inc. and Harry's Hardware, Inc. (Harry's).  Attached hereto as Exhibit 1 is the Petition for Damages, copy fo the citation served on Harry's Hardware, Inc.  and Affidavit of Service regarding the mailing of the citation to the improperly named entity, Babcock Company, Inc.  (Babcock).

2.

The civil action described above is a Petition for Damages by Sally and Chris Janke seeking damages allegedly sustained in an incident occurring on or about May 31, 2010, when it is alleged that the product allegedly manufactured by Babcock failed, causing plaintiff to fall causing significant, painful and personal injuries to her entire body particularly her abdominal region and back.

3.

The petition does not allege a specific monetary amount of damages, however, article 893(A)(1) of Louisiana's Code of Civil Procedure provides "that a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal court due to a general allegation that the claim . . . is less than the requisite amount is required."  By failing to allege that the damages are less than the amount required for federal jurisdiction, plaintiffs have conceded that the amount in controversy exceeds $75,000.00 as required for diversity jurisdiction under 28 U.S.C. § 1332.  *See Kerr v.  State Farm Fire & Cas.  Co*, 2011 WL 216087 (M.D. La.  2011)  *citing Chambers Medical Foundation v.  Chambers*, 2006 WL 1895479 (W.D. La.  2006).

4.

In answers to interrogatories, plaintiff describes her injuries as:

a.      Scraping, bruising and pain to the arm;

b.      Bruising and pain down her body;

c.      Damage, bruising and pain to the spine generally;

d.      Damage, swelling and pain to the spleen;

e.      Bruising, bleeding, swelling and pain across the torso, also referred to as the 'cord of blood';

f.      Damage to L-5 causing pain, numbness in feet, the feeling of sand between the toes and the feet or 'Sand Feet';

g.      The Sand Feet causes difficult sleeping, wakes her up in the middle of the night, and causes irritation and aggravation during the day;

h.      Difficulty talking;

i.      Difficulty breathing;

j.      Difficulty sitting up;

k.      Bruised and painful ribs;

l.      Bruising, pain and swelling to the back of her thigh;

m.      Bruising, pain and swelling to the breast;

n.      Bruising, pain and swelling to the hip;

o.      Bruising pain and swelling to the gluteus area;

p.      Bruised, strained and painful muscles in her rib cage, back, torso and arm;

q.      Bruising, pain and swelling to internal organs.

5.

Plaintiff stated in answers to interrogatories that she continues to suffer from the impinged nerve in L-5 causing pain, numbness in feet and Sand Feet and that the Sand Feet causes difficulties sleeping, wakes her up in the middle of the night, and causes irritation and aggravation during the day.  She claims that the damages are continuing and they are ongoing and permanent.

6.

As a result of the injuries set forth above, plaintiff has sought treatment with the following healthcare providers:

a.      Ronald S. Waguespack, M.D.;

b.      Michael Happel, M.D.;

c.      Jessica Montegudo, M.D.;

d.      Doctors Imaging Services;

e.      Dr. JoEllen Plunkett;

f.      Gulf Emergency Management;

g.      Radiology and Interventional Associates of Metairie;

h.      Robert L'Hoste;

i.      Ochsner emergency room;

j.      Crescent City Physical Therapy.

7.

With regard to Chris Janke's loss of consortium claim, Chris Janke's consortium claim is derivative of and closely related to his wife's personal injury claim. *See, Booty v. Shoney's, Inc.*, 872 F. Supp. 1524, 1528 (E.D. La. 1995). Because supplemental jurisdiction is appropriate, Chris Janke's claim need not meet the amount in controversy requirement. *See In Re: Abbott Labs,* 51 F.3d 524, 529 (5th Cir. 1995); *Booty*, 872 F. Supp. at 1528.

8.

Based upon plaintiff's answers to interrogatory dealing with the injuries suffered and the healthcare providers who she has sought treatment from, the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs as required by 28 U.S.C. § 1332(a). Although plaintiffs responded to request for admissions in June of 2011 that their claim did not exceed $75,000.00, the response was not definitive in that plaintiffs

reserve the right to change the response.  The answers to interrogatories submitted six months following the response to request for admission clearly indicate that plaintiffs' claims exceeds $75,000.00 exclusive of interest and costs.

9.

Plaintiffs are citizens of the State of Louisiana for establishing diversity jurisdiction.[1]

10.

Your defendant, Bauer is an Ohio corporation with its principal place of business located in the state of Ohio.  Defendant, Harry's is a Louisiana corporation with its principal place of business in Louisiana.  However, the citizenship of Harry's should be disregarded because plaintiffs have improperly joined Harry's as a defendant to this action for the sole purpose of destroying diversity of citizenship and attempting to prevent removal of this action to this court.  The right to remove a diversity action cannot be defeated by the improper joinder of a resident defendant against whom there is no reasonable basis to predict that a claim could be stated under state law.  *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004); *Burden v. Gen. Dynamic Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

11.

It is alleged that Harry's knew of the hidden defect and is liable to the plaintiffs for the return of the purchase price and for plaintiffs' attorney fees pursuant to the Louisiana Civil Code of Redhibition articles 2520, *et seq.*[2]

---

[1]Exhibit 1 - Petition for Damages.

[2]*Id.* at ¶ 11.

12.

On June 17, 2011, defendant, Bauer filed a Notice of Removal alleging that Harry's had been fraudulently joined and the amount in controversy exceeded the required $75,000.00 inclusive of interest and costs.[3]

13.

On October 13, 2011 Judge Barbier ordered a remand of the matter ruling that Harry's was not improperly joined and that "the degree of liability that Harry's faces may be minimal, . . . the scope of the inquiry is whether the defendant faces liability to the plaintiff and that plaintiff stands a reasonable chance of recovery."[4]

14.

Article 2531 of Louisiana's Civil Code grants the purchaser the right to the return of the purchase price from the seller who did not know that the thing he sold had a defect.

15.

Within thirty days of February 9, 2012, the date on which Bauer confirmed that defendant, Harry's Ace Hardware had refunded the entire purchase price within thirty-one hours of the actual purchase, defendant Bauer has filed this Notice of Removal.  In that plaintiffs' recovery against Harry's is for recovery of purchase price in that Harry's had no knowledge of an alleged defect in the ladder, the scope of the inquiry permits removal.  For the inquiry is whether Harry's faces liability to the plaintiffs and the plaintiffs stand a reasonable chance of recovery.  *See Thomas v. Wal-Mart Louisiana, LLC*, 2011 WL 3418322 p. 1 (W.D. La.  2011) ("To carry its burden, a defendant must put forward

---

[3]*See Janke v. Babcock*, Division J, 11-cv-1443, United States District Court for the Eastern District of Louisiana.

[4]Exhibit 2 - Order and Reasons granting Motion to Remand.

evidence that would negate a possibility of liability on the part of the allegedly improperly joined defendant in state court.") (Internal citations and quotations omitted).  Plaintiffs have recovered the purchase price from Harry's, the day following their purchase and thus, Harry's does not face "liability to the plaintiff".

16.

Under Louisiana law, a non-manufacturer of a product such as Harry's, is not liable in tort absent of showing that it knew or should have known that the product was defective and failed to declare it.  *State Farm v.  Norcold, Inc.*, 2008 WL 4853030 (W.D. La.  2008); *citing Wilson v.  State Farm*, 654 So.2d 385, 387 (La.  App.  3rd Cir.  1995), *writ denied,* 661 So.2d 476 (La. 1995).   A seller is not required to inspect a product to determine the possibility of a non-apparent defect.  *Kelley v.  Price - Macemon, Inc.*, 992 F.2d 1408 (5th Cir.  1993), *cert. denied,* 114 S. Ct.  688 (1994).  Plaintiffs' petition specifically alleges that the ladder contained a "hidden defect", therefore, plaintiffs have no claim against Harry's other than permitted under article 2531.  While plaintiffs' petition is silent as to the refund, the purchase price was refunded 31 hours after the purchase and 347 days prior to suit being filed, and thus Harry's has been improperly joined.[5]

17.

Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty days after receipt by the defendant, through service or otherwise, a copy of the paper indicating that removal was proper, *i.e.* confirmation that plaintiff received a refund of the purchase price the day following the purchase.

---

[5]See ¶ 10 of the Petition for Damages.

18.

Promptly after the filing of the Notice of Removal, defendant is serving written notice upon the adverse party, through their attorney of record, a copy of the Notice of Removal being filed with the Clerk of Court for the Civil District Court for the Parish of Orleans, to affect removal of this action, all in conformity with 28 U.S.C. § 1446.

WHEREFORE, your defendant, Bauer Corporation, improperly named as Babcock Company, Inc., prays that the above-described civil action be removed from the Civil District Court for the Parish of Orleans, State of Louisiana, to this honorable court for trial and determination as provided by law; that this court enter such orders and issue such process as may be necessary and proper to bring before it a copy of all records in the proceeding presently pending before the aforesaid state court, and thereafter, proceed with the civil action as if it were originally commenced in this court, and for all necessary and appropriate orders and decrees in accordance with the applicable law.

Respectfully submitted,

GAUDRY, RANSON, HIGGINS & GREMILLION, L.L.C.

*S/Thomas W. Darling*

_____
THOMAS L. GAUDRY, JR., T.A. (5980)
THOMAS W. DARLING (#23020)
P.O. Box 1910
Gretna, Louisiana 70054-1910
Telephone: (504) 362-2466
Facsimile: (504) 362-5938
tlg@grhg.net; tdarling@grhg.net
*Attorneys for Bauer Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 24th, 2012, a copy of the foregoing Notice of Removal was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

*S/Thomas W.  Darling*

Thomas W. Darling      (#23020)

G:\1681\0011\Pleadings\USDC - 2nd Notice of Removal.wpd