UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


JANKE ET AL.                                    CIVIL ACTION

VERSUS                                          NO: 12-513

BABCOCK COMPANY, INC. ET AL.                    SECTION: "J"(4)

### ORDER AND REASONS

Before the Court are the plaintiffs' Motion for Remand (Rec. Doc. 8) and defendant Bauer Corporation's opposition to same (Rec. Doc. 10).[1]  The motion is set for hearing on the memoranda, without oral argument.  Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be DENIED.


### PROCEDURAL HISTORY AND BACKGROUND FACTS

The facts alleged in this case are identical to those alleged in a case that this Court previously remanded for want of

---

[1] All citations to record documents are to the captioned case, unless otherwise specifically noted.

1

subject matter jurisdiction.[2]  Plaintiff Sally Janke, a Louisiana
domiciliary, suffered personal injury when a wooden step ladder
broke.  She purchased the ladder from defendant Harry's Hardware,
Inc. ("Harry's"); the ladder was manufactured by Defendant Bauer
Corporation ("Bauer," incorrectly named as Babcock Co., Inc.).
On May 13, 2011, Janke and her husband filed suit in state court.
The plaintiffs sued Bauer under state products liability law and
Harry's under the state law of redhibition.  Out-of-state
defendant Bauer removed the case to this Court, arguing that the
claim against Louisiana citizen Harry's was fraudulently pled.
This Court disagreed, holding that there was "no improper joinder
because based on Plaintiffs' allegations, they are legally
entitled to recission of the sale of the ladder."[3]  Because of
the possibility of the Jankes' recovery against non-diverse
defendant Harry's under the law of redhibition, the Court ordered
the case remanded to the Civil District Court for the Parish of
Orleans on October 13, 2011.

On February 24, 2012, Bauer removed the case to this Court
for the second time.  Rec. Doc. 1.  Bauer argues that a new basis

_____

[2] See generally Civil Action No. 11-1443, Janke et al. v. Babcock Co.,
Inc., et al.

[3] Civil Action No. 11-1443, Janke et al. v. Babcock Co., Inc., et al.,
Rec. Doc. 19, at 10.

for a finding of fraudulent joinder, and therefore for removal based on diversity of citizenship, is now present.  On March 27, 2012, the Jankes filed the instant motion to remand.

## THE PARTIES' ARGUMENTS

The plaintiffs argue that the case should be remanded to state court.  They argue that the issue of subject matter jurisdiction is *res judicata*.  They argue that there is no improper joinder, there is not complete diversity of citizenship, and therefore the Court has no subject matter jurisdiction. Specifically, the plaintiffs argue that even to the extent they already received a return of the ladder purchase price, there is the possibility of recovery under the law of redhibition for attorney's fees against a bad-faith seller, and for interest and reasonable expenses of the sale.  They also argue that Bauer failed to meet the statutory requirements for removal because it did not timely file its notice of removal, and the discovery attached to the notice of removal is not an "other paper" within the meaning of the statute.  The plaintiffs argue that Bauer's failure to obtain the consent of co-defendant Harry's is a procedural impropriety with respect to the removal.  The Jankes seek costs, actual expenses, and attorney's fees in conjunction

with their request for remand.

Bauer asserts that since the Court's prior order of remand, discovery in state court has shown that the plaintiffs have no possibility of recovery against non-diverse defendant Harry's. Namely, the plaintiffs returned the ladder on the day following the accident. The Jankes already having received a return of the purchase price, Bauer argues, there is no basis for Harry's liability under the law of redhibition. Thus, Bauer argues that Harry's was fraudulently joined and the Court has subject matter jurisdiction. Bauer also argues that Harry's consent to removal was not required, the remand issue is not *res judicata*, and the plaintiffs have no possibility of recovering interest or expenses. It further argues that Harry's cannot be deemed a bad-faith seller who would be liable for attorney's fees.

## DISCUSSION

### A.  Legal Standard

Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction. See 28 U.S.C. § 1441(a). Original diversity jurisdiction exists where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. §

4

1332(a)(1).  A defendant bears the burden of proving by a preponderance of the evidence that jurisdiction exists.  De Aquilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995).  The jurisdictional facts supporting removal are examined as of the time of removal.  Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000).  The removal statute should be strictly construed in favor of remand.  Manguno v. Prudential Prop. and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).

There are two ways to establish improper joinder:  (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.  Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc). The test for improper joinder where there is no allegation of actual fraud is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant.  Id.  A mere theoretical possibility of recovery is not sufficient to preclude a finding of improper joinder.  Id.  A court should ordinarily resolve the issue by conducting a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.  Id.  Where a

plaintiff has stated a claim, but has misstated or omitted discrete and undisputed facts that would preclude recovery, the court may, in its discretion, pierce the pleadings and conduct a summary inquiry.  Id. at 573-74.

The party seeking removal bears a heavy burden of proving improper joinder.  Id. at 574.  In determining the validity of an allegation of improper joinder, the district court must construe factual allegations, resolve contested factual issues, and resolve ambiguities in the controlling state law in the plaintiff's favor.  Burden v. Gen. Dynamics Corp., 60 F.3d 213, 216 (5th Cir. 1995).

**B.  Joinder Analysis**

Harry's is a Louisiana citizen; so are the plaintiffs. There is no basis for federal question jurisdiction, and the parties are not completely diverse.  Thus, the motion to remand should be granted unless the plaintiffs improperly joined Harry's to the lawsuit.

The remand issue is not *res judicata*.  A defendant may seek a subsequent removal after remand, if the subsequent removal is based on different grounds from the first removal.  S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 492 (5th Cir. 1996). The subsequent removal must be based on a different factual

basis.  Id. at 494.  The Court's prior order of remand was based
on a finding that the plaintiffs were entitled to recission of
the sale of the ladder, including a return of the purchase
price.[4]  Bauer now submits an affidavit as evidence that the
plaintiffs already received a return of the purchase price.  Rec.
Doc. 10-4, at 2.  The plaintiffs do not contest that they
received such a return.  Rec. Doc. 8-5, at 5.  This constitutes a
new factual basis in support of an argument of improper joinder
of Harry's, and thus the matter is not *res judicata*.

Arguing for a contrary result, the plaintiffs argue that the
affidavit is not an "other paper" that triggers another 30-day
option to file a notice of removal.  This argument is without
merit.  The applicable removal statute states that "if the case
stated by the initial pleading is not removable, a notice of
removal may be filed within 30 days after receipt by the
defendant . . . of a copy of an amended pleading, motion, order
or *other paper* from which it may first be ascertained that the
case is one which is or has become removable."  28 U.S.C. §
1446(b)(3) (emphasis added).  The affidavit of George J. Lampard
of Harry's is an "other paper" within the meaning of the statute.

---

[4] Civil Action No. 11-1443, Janke et al. v. Babcock Co., Inc., et al.,
Rec. Doc. 19, at 9-11.

Although an affidavit created by the removing defendant and based
on its subjective knowledge is not an "other paper," Infax, 72
F.3d at 494, in this case Lampard's affidavit originated with the
representative of Bauer's co-defendant.  Because the affidavit is
an "other paper," Bauer had 30 days after its receipt to file a
notice of removal.  28 U.S.C. § 1446(b)(3).  The affidavit was
signed on February 10, 2012, and Bauer filed its notice of
removal on February 24, 2012, within the 30-day period.
Furthermore, Bauer was not required to obtain the consent of co-
defendant Harry's to remove the case.  As the Fifth Circuit
recognized in Jernigan v. Ashland Oil Inc., 989 F.2d 812, 815
(5th Cir. 1993), it would be nonsensical to require an allegedly
improperly joined defendant to consent to removal.

The Court turns to whether the newly submitted evidence
demonstrates that the case is removable.  In determining whether
the joinder was improper, ordinarily a court determines whether
the plaintiff's allegations survive a Rule 12(b)(6)-type inquiry.
Smallwood, 385 F.3d at 573.  However, "there are cases, hopefully
few in number, in which a plaintiff has stated a claim, but has
misstated or omitted discrete facts that would determine the
propriety of joinder. In such cases, the district court may, in
its discretion, pierce the pleadings and conduct a summary

8

inquiry." <u>Id.</u>  The complaint asserts that Harry's is liable for attorney's fees as a bad-faith seller under Louisiana Civil Code article 2545 and is liable for a return of the purchase price of the ladder.  The mere pleading of a valid state law claim against a resident defendant does not mean that joinder of that defendant is not fraudulent. <u>Hornbuckle v. State Farm Lloyds</u>, 385 F.3d 538, 542 (5th Cir. 2004).  Although the Court must resolve all contested factual issues in the Jankes' favor, <u>see</u> <u>B., Inc. v. Miller Brewing Co.</u>, 663 F.2d 545, 549 (5th Cir. 1981), if a summary judgment-type procedure reveals that there is no arguably reasonable basis for predicting that they would be able to produce sufficient evidence to recover against Harry's, that defendant is deemed fraudulently joined, <u>see</u> <u>Hornbuckle</u>, 385 F.3d at 545.[5]

Upon performance of the proper pleading-piercing inquiry, the Court finds that there is no possibility that the plaintiffs would recover against Harry's in state court under the law of redhibition.  The plaintiffs concede that they have received a return of the purchase price of the ladder.  Rec. Doc. 8-5, at 5. A seller who did not know of the defect in the thing sold (a

---

[5] "Were this not the rule, the removal rights of out-of-state defendants would largely be theoretical and practically meaningless." <u>Hornbuckle</u>, 385 F.3d at 545-46.

good-faith seller) is bound to return the purchase price, with interest, and to reimburse the buyer for reasonable expenses occasioned by the sale and expenses incurred for preservation of the thing.  LA. CIV. CODE art. 2531.  Lampard's affidavit and the plaintiffs' concession demonstrate that there is no possibility that the plaintiffs could recover a return of the purchase price in this case.  There is no possibility that they could recover interest or expenses against Harry's, either.  "The plaintiff in a redhibition action is entitled to interest from the date of the tender or formal notice of the cancellation of the sale." Poche v. Bayliner Marine Corp., 632 So. 2d 1170, 1175 (La. App. 5th Cir. 1994).  The plaintiffs canceled the sale on the same day they received the refund, and thus no legal interest accrued.[6] The plaintiffs have not alleged the existence of any expenses occasioned by the sale or made to preserve the ladder.  Thus, there is no possibility of recovery against Harry's as a good-faith seller.

Nor is there a possibility of recovery against Harry's under the claim that it is a bad-faith seller—that it knew of the

---

[6] Lampard's affidavit actually states that on the day the Jankes returned the allegedly defective ladder to the store, they exchanged the wooden ladder for an aluminum one.  Whether they received a refund or a store credit toward the purchase of a new ladder, the outcome is the same:  the plaintiffs canceled the sale on the same day they effectively received a return of the purchase price, and thus no legal interest accrued.

defect in the ladder.  The complaint alleges that Harry's "knew of the hidden defect and failed to declare its quality," and is therefore liable for attorney's fees under Civil Code article 2545.  Rec. Doc. 1-2, at 2.  The plaintiffs argue that whether Harry's had knowledge of the defect is a factual issue.  However, Lampard, the office manager of Harry's, avers in his affidavit that when ladders of the type at issue are delivered to a Harry's store, the "ladders are already assembled and ready to be placed on the floor of the retail location."  Rec. Doc. 10-4, at 2. Lampard states that Harry's employees "do not assemble, inspect for any hidden defect, or alter in any way any of the ladders . . . .".  Id. at 3.  This evidence establishes that Harry's had no knowledge of the defect in the ladder that injured Ms. Janke, and therefore there is no possibility of recovery under Civil Code article 2545 for damages or attorney's fees.  The plaintiffs do not submit any summary judgment-type evidence to rebut Lampard's affidavit. Additionally, although article 2545 provides that a seller is deemed to know of the defect when he is a manufacturer of the thing sold, LA. CIV. CODE art. 2545, the complaint does not allege that Harry's manufactured the ladder.

    As previously stated, although a court can limit itself to a Rule 12(b)(6)-type inquiry, it can also exercise its discretion

to pierce the pleadings in a summary judgment-type procedure.
See Badon v. R J R Nabisco Inc., 224 F.3d 382, 393 (5th Cir.
2000).  In Badon, the plaintiffs' conspiracy claim against in-
state defendants was contradicted by the defendants' response to
the plaintiffs' motion to remand.  The defendants submitted
affidavits negating the conspiracy claim, and the plaintiffs did
not tender any evidence to refute the affidavits.  The plaintiffs
had not requested any delay in ruling on their motion to remand
so they could produce or discover controverting evidence.  The
plaintiffs' reply memorandum did not mention the conspiracy claim
or the defendants' affidavits.  Id.  Under these facts, the court
held that the conspiracy claim against the in-state defendants
was fraudulent.  Id. at 394.

        Just as in Badon, in this case the defendant has submitted
an affidavit negating the plaintiffs' claim, specifically, the
claim that Harry's was a bad-faith seller within the meaning of
Civil Code article 2545.  The Jankes have submitted no
contradictory evidence and have not requested any delay in ruling
on the motion to remand so that they can produce any such
evidence.  They merely argue in their memorandum that
"[c]onstructive knowledge is an issue of fact which has not yet
been determined," Rec. Doc. 8-5, at 6, but they do not suggest

that they will be able to obtain evidence in their favor on this issue.  Lampard states in his affidavit that ladders of the type that injured Ms. Janke are received by a Harry's store already assembled and are not inspected for any hidden defects prior to being placed on the store floor.  This is the type of discrete fact, not reasonably disputed by the plaintiffs, that justifies piercing the pleadings to find that Harry's did not know of the defect; and thus the plaintiffs have no possibility of recovery against Harry's for damages or attorney's fees.

Finally, the plaintiffs cite Civil Code article 2524.  That article provides that a thing sold that is not fit for its ordinary use may be the subject of a suit for damages.  La. Civ. Code art. 2524 cmt. b.  However, "[t]he buyer's action in such a case is one for breach of contract and not the action arising from the warranty against redhibitory defects."  Id.  The complaint does not allege a breach of contract claim, but one in redhibition concerning an alleged "hidden defect."  Rec. Doc. 1-2, at 2.  Therefore, the invocation of article 2524 does not show that the plaintiffs have a possibility of recovery against Harry's.

The Court holds that because the plaintiffs have no possibility of recovery under the law of redhibition against

13

Harry's, Harry's was improperly joined.  Its citizenship is disregarded for purposes of determining jurisdiction. Accordingly, there is complete diversity of citizenship between the plaintiffs and Bauer, there is diversity jurisdiction, and the case was properly removed.


### CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the plaintiffs' Motion for Remand (Rec. Doc. 8) is **DENIED**, and that the claims against Harry's Hardware, Inc. are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this 27th day of April, 2012.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

14